IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Danielle ANTONELLI, | |
| Plaintiff, | Civil No. 17-5313 (RBK/AMD) |
| v. | |
| | **OPINION** |
| THE GLOUCESTER COUNTY HOUSING AUTHORITY, *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the complaint (Doc. No. 1) and application to proceed *in forma pauperis* (Doc. No. 2) of Plaintiff Danielle Antonelli. Antonelli alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 701, the Fourteenth Amendment's Equal Protection Clause, and the Fair Housing Act, 42 U.S.C. § 3604. She has sued the Gloucester County Housing Authority, Morgan Cox, Janice Freer, Jessica Lane, and Samuel Hudman.

**I.    THE FACTS**

Although the complaint is not clear, we hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and will interpret the spirit if not the precise language of the complaint.

Antonelli's complaint appears to refer to a Fair Hearing Decision by the Housing Authority of Gloucester County dated May 13, 2015 (the "Authority"). That decision concerned her August 1, 2014 application for a Glassboro Section 8 housing choice voucher. According to the decision,

1

Antonelli was granted a three-bedroom voucher based on her representation at her initial interview that she had custody of her three children, but at the time only had custody of her youngest daughter. Her other two children, according to the decision, resided with their maternal grandmother, and so the Housing Authority concluded that she was actually only eligible for a one-bedroom unit at that time.

Antonelli, who says she is disabled, had been granted residential custody of her oldest daughter on April 17, 2015, as she had testified at an informal hearing before the Authority. The Authority noted that her custody of her oldest daughter would make Antonelli eligible for a two-bedroom unit. The Authority concluded that Antonelli had thus misrepresented that she qualified for a three-bedroom unit, and the Authority concluded it could back-charge for the difference in subsidies between a one- and three-bedroom voucher. The letter was a "final determination," appealable to the Executive Director of the Authority, and it was signed by Walter Norris, Hearing Officer, with Morgan Cox, Janice Freer copied on the letter. Plaintiff's counsel for this proceeding subsequently sent a letter addressed to Samuel Hudman asking for an extension on the appeal deadline, requesting a recording of the fair hearing, and pointing out alleged deficiencies in the determination, but it is unclear whether an appeal was ever filed.

Whatever happened, Antonelli alleges that her housing situation has been "downgraded," with her son lacking a bedroom of his own and that she paid more rent in her current unit than otherwise, by her reckoning $4,272. She also claims a violation of the ADA, with damages of $150,000, $10,000 in pain and suffering, and $10,000 in emotional distress, for a total of $174,272.

## II.     LEGAL STANDARD

District courts must review complaints in civil actions in which a litigant is proceeding *in forma pauperis* and must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Pro se complaints must be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III. DISCUSSION

This Court has subject-matter jurisdiction over this matter because of the federal claims pleaded by Antonelli. For purposes of this screening opinion, the Court will thus evaluate whether Antonelli has stated a claim. We note that no claims have been addressed with particularity toward the individual defendants in this action, and thus evaluate the claims brought against the Authority.

3

### A. The Americans with Disabilities Act and the Rehabilitation Act

Antontelli claims violations of both Title II and Title III of the ADA. Congress enacted the ADA in 1990 with the purpose of providing "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b). Title II of the ADA generally makes it unlawful for public entities to discriminate against individuals with disabilities in the provision of public services. *See* 42 U.S.C. §§ 12131–12134. To prove a prima facie case under Title II, the plaintiff must show: "[1] he is a qualified individual with a disability; [2] that he was excluded from a service, program, or activity of a public entity; and [3] that he was excluded because of his disability." *Disability Rights New Jersey, Inc. v. Comm'r, New Jersey Dep't of Human Servs.*, 796 F.3d 293, 301 (3d Cir. 2015) (internal quotations and citations omitted).

Antonelli appears to satisfy the first element of a Title II claim. A disability is a physical or mental impairment that substantially limits a major life activity, 42 U.S.C. § 12102(1)–(2), and Antonelli has asserted she is disabled and receives disability benefits.

Whether Antonelli satisfies the second element is less clear. To show that she was excluded from a service, program, or activity of a public entity, Antonelli can allege that the public entity failed to provide "appropriate auxiliary aids and services" where "necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity." *Chisolm v. McManimon*, 275 F.3d 315, 325 (3d Cir. 2001) (citing 28 C.F.R. § 35.160(b)(1)). In determining the appropriate auxiliary aids and services, the public entity should "give primary consideration to the requests of the individual with disabilities." *Chisolm*, 275 F.3d at 325 (citing 28 C.F.R. § 35.160(b)(2)). The Court is skeptical that the Authority's determination

4

that Antonelli was "over-subsidized" qualifies as an exclusion under the ADA. Yet even assuming that it was, Antonelli has not presented sufficient facts to support her assertion that this happened because of her disability.

Demonstrating that the individual was excluded because of his disability "does not require a failure-to-accommodate plaintiff to show that his injury was the result of purposeful discrimination." *Muhammad v. Court of Common Pleas of Allegheny Cty., Pa.*, 483 Fed. App'x 759, 764 (3d Cir. 2012). The plaintiff need only show that "but for the failure to accommodate, he would not be deprived of the benefit he seeks." *Id.* But Antonelli has not alleged any facts that could support a conclusion that whatever benefits were not conferred to her by the Authority were not conferred because of her disability. Nothing in the record attached to the complaint suggests the Authority failed to accommodate Antonelli's disability. Antonelli thus fails to state a claim under Title II of the ADA.

Antonelli's Title III claim is similarly deficient. In order to succeed on a claim under Title III of the ADA, a plaintiff must prove that: (1) he was discriminated against on the basis of disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by any person who owns or operates a place of public accommodation. 42 U.S.C. § 12182(a); *see also Access 4 All, Inc. v. ANI Assocs., Inc.*, 2007 WL 2793373, at *5 (D.N.J. Sept. 25, 2007). Antonelli has presented no facts indicating that the Authority's determination that she was "over-subsidized" was discriminatory. Antonelli thus fails to state a claim under Title III of the ADA.

For similar reasons, Antonelli has likewise failed to state a claim under Section 504 of the Rehabilitation Act. Under the Rehabilitation Act, a plaintiff must show that (1) she is a "individual with a disability," (2) she is "otherwise qualified" for participation in the program, (3) the program

5

receives "financial federal assistance," (4) she was "excluded from the participation in, denied the benefits of," or "subjected to discrimination" under any program receiving Federal financial assistance, and (5) this denial was "solely by reason of her or his disability." 29 U.S.C. § 794(a); *see also Nathanson v. Med. Coll. of Pa.*, 926 F.2d 1368, 1380 (3d Cir. 1991). As before, Antonelli has not presented any facts indicating the Authority's determination was influenced by her disability. This, too, fails to state a claim.

### B. The Fourteenth Amendment

We assume without deciding that Antonelli intends to bring her constitutional claim under 28 U.S.C. § 1983. The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. This is not a command that all persons be treated alike, but rather a direction that all persons similarly situated be treated alike. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race," *Washington v. Davis*, 426 U.S. 229, 239 (1976), but this may extend to other suspect classifications. However, disability is "neither a suspect nor a quasi-suspect class" under the Fourteenth Amendment. *Lavia v. Pennsylvania, Dept. of Corrections*, 224 F.3d 190, 199 (3d Cir. 2000); *see also City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 445–446 (1985). For non-suspect classifications, the Authority's determination "is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Cleburne*, 473 U.S. at 440.

There is nothing to suggest the Authority's determination relied on a classification of disability, as the determination instead focused on whether Antonelli misrepresented her children's living situation. But even assuming disability did factor into the Authority's decision, it is clearly

6

related to a legitimate state interest in faithfully administering the laws of New Jersey. Antonelli thus fails to state a claim under the Fourteenth Amendment.

### C. Fair Housing Act

Antonelli has not stated which provision of the Fair Housing Act was violated, but we evaluate her claim under the statutory framework of 42 U.S.C. § 3604. She has presented no argument, but we infer that she claims the Authority's determination interfered with her receipt of benefits and thus discriminated against her on the basis of disability. The FHA bars anyone from representing, because of a person's disability, that a dwelling is not available for inspection, sale, or rental when it is in fact so available. 42 U.S.C. § 3604(d). It likewise bars discrimination in the sale or rental to any renter because of a renter's handicap. § 3604(f). And, as alleged by Antonelli, the FHA defines discrimination as including "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises . . . if such modifications may be necessary to afford such person full enjoyment of the premises." § 3604(f)(3)(A). It likewise defines discrimination as "a refusal to make reasonable accomodations." § 3604(f)(3)(B).

Yet as with the prior claims, Antonelli has not pleaded any discriminatory animus whatsoever by the Authority in its Final Determination. Antonelli has likewise failed to articulate any failure by the Authority to fail to provide reasonable modifications or accommodations. There is no basis for this claim, and it is accordingly dismissed.

### IV. CONCLUSION

For the reasons stated herein, Antonelli's complaint is **DISMISSED** for failure to state a claim. An order follows.

Dated:      01/16/2018                                    /s Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge